UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES FIRE INSURANCE COMPANY, et al., | IN ADMIRALTY |
| Plaintiffs, | CASE NO. 2:20-CV-401-RSM-DWC |
| v. | ORDER ON MOTION TO DEPOSIT FUNDS |
| ICICLE SEAFOODS, INC., et al., | |
| Defendants. | |

The District Court has referred this action to United States Magistrate Judge David W. Christel. Presently before the Court is Plaintiffs United States Fire Insurance Company, National Union Fire Insurance Company of Pittsburgh PA, Great American Insurance Company of New York, Argonaut Insurance Company, Endurance American Insurance Company, Houston Casualty Company, and Certain Underwrites at Lloyds London's ("Insurers") Motion to Deposit Funds with Court Pursuant to Fed. R. Civ. P. 67. Dkt. 29. After considering the relevant record, the Motion (Dkt. 29) is granted.

## I.      Background

The Insurers filed suit on March 13, 2020 seeking a declaratory judgment regarding the amount owed to Defendants Icicle Seafoods, Inc. and ISVesselCo, Inc. ("Insureds") under an insurance policy that Insurers underwrote. Dkt. 3. The Insureds filed an Answer and Counterclaims asserting the Insurers were liable for breach of contract, breach of duty of good faith, violations of the Consumer Protection Act, and violations of the Insurance Fair Conduct Act. Dkt. 18.

On August 20, 2020, the Insurers filed the Motion to Deposit Funds, requesting the Insurers be allowed to deposit a sum of $ 966,638.48 to the Court under Federal Rule of Civil Procedure 67. Dkt. 29. The Insureds filed a Response to the Motion to Deposit Funds on August 31, 2020, and, on September 4, 2020, the Insurers filed a Reply. Dkts. 33, 36.

## II.     Discussion

A. Evidence

Here, the Insurers seek to deposit $ 966,638.48, which is the maximum amount the Insurers believe they may owe the Insureds under the insurance policy. Dkts. 29, 36, p. 3 ("Insurers contend they owe [the Insureds] *no more* than $ 966,638.48, and may owe substantially less[.]"). The evidence shows that, on January 15, 2020, the Insurers determined, through their investigation, that the Insureds adjusted loss of hire claim totaled $ 966,638.48. Dkt. 32-1, Butler Dec., ¶ 2. On March 13, 2020, the Insurers initiated this action. Dkt. 1. The following business day, March 16, 2020, the Insureds, through their counsel, filed a Notice of Insurer Fair Conduct Act ("IFCA") Violations with Washington State's Office of Insurance Commissioner. Dkt. 34, Mullin Dec., ¶ 2, Exhibit 1.

Approximately two weeks after the Insurers filed this action, on March 30, 2020, the Insurers attempted to proceed with payment of $ 966,638.48 to the Insureds. *Id*. at ¶ 4. The Insurers sought to provide the payment without prejudice to all parties concerned. *Id*. The Insurers understood the Insureds would accept payment if the payment was "irrevocable." *Id*. at ¶ 5. The Insurers have deposited funds totaling $ 966,638.48 in their counsels' client trust account. *Id*. at ¶ 7.

On July 30, 2020, Matthew Crane, counsel for the Insurers, sent payment in the amount of $ 966,638.48 to Dan Mullin, counsel for the Insureds. Dkt. 31, Crane Dec., ¶ 2. Mr. Mullin returned the $ 966,638.48 check, marked "Rejected," on August 10, 2020. *Id*. at ¶ 3. The "Insurers do not wish the funds to remain in their law firm's client trust account, but wish them to be deposited into the Court's registry pending this Court's determination of what, if any, amount is owed to [the Insureds]." Dkt. 32-1, Butler Dec., ¶ 7.

B. <u>Legal Standard</u>

Federal Rule of Civil Procedure 67(a) states:

> If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party-on notice to every other party and by leave of court-may deposit with the court all or part of the money or thing, whether or not that party claims any of it. The depositing party must deliver to the clerk a copy of the order permitting deposit.

Rule 67 relieves a party of the responsibility for disputed funds, until the Court determines how the funds should be divided. *Qwest Corp. v. City of Portland,* 204 F.R.D. 468, 470 (D. Or. 2001); *Mfrs. Hanover Overseas Capital v. Southwire Co.,* 589 F. Supp. 214, 221 (S.D.N.Y. 1984). Further, Rule 67 permits tenders and deposits even when the depositing party does not admit liability or disclaim all of its interests in the money. The rule was modified in 1983 to allow for "situations in which a litigant may wish to be relieved of responsibility for a

1  sum or thing, but continue[s] to claim an interest in all or part of it." *Fulton Dental, LLC v.*

2  *Bisco, Inc.*, 2016 WL 4593825, at *3 (N.D. Ill. Sept. 2, 2016), *rev'd on other grounds*, 860 F.3d

3  541 (7th Cir. 2017).

4         Whether Rule 67 relief should be available is a matter within the discretion of the court.

5  *Cajun Elec. Power Coop. v. Riley Stoker Corp.,* 901 F.2d 441, 445 (5th Cir. 1990). "In deciding

6  whether to exercise their discretion, federal courts have looked to whether the amount sought to

7  be deposited was definite; whether the funds could be deposited all at once or whether there

8  would be repeated deposits that would impose an undue burden on the clerk of court; and

9  whether the party seeking leave to deposit the funds had demonstrated a likelihood of success on

10  the merits." *Kansas City S. Ry. Co. v. Borrowman*, 2009 WL 3188305, at *4 (C.D. Ill. Sept. 30,

11  2009).

12         C. <u>Analysis</u>

13         Rule 67 allows deposits of "all or part of the money or thing" if "any part of the relief

14  sought is a money judgment or the disposition of a sum of money." Fed. R. Civ. P. 67(a).  As

15  stated above, the funds must also be in dispute. In the Amended Complaint, the Insurers seek a

16  declaration of the Insureds actual loss of net earnings. Dkt. 3. In their counterclaims, the Insureds

17  assert they are entitled to a monetary judgment and maintain they are owed more than

18  $966,638.48. *See* Dkts. 18, 33; *see also* Dkt. 34-1. The Insurers assert $ 966,638.48 is the

19  maximum amount they are required to pay under the policy, but may not be required to pay that

20  much. *See* Dkts. 29, 26. Therefore, the funds are in dispute. The Court also finds the sum

21  requested to be deposited is a sum-certain ($ 966,638.48) and a one-time deposit. Therefore, the

22  deposit will not overburden the Clerk of Court. For these reasons, the Court finds the Insurers'

23  request to deposit the funds is permitted under Rule 67.

24

1    The Insureds oppose the Motion, asserting Rule 67 does not apply because (1) there is no

2    sum certain amount the parties agree is disputed and (2) the Insurers offer no good reason for

3    depositing the funds into the Court registry. Dkt. 33.

4    First, the Insureds argue the Motion should be denied because there is no sum-certain the

5    parties agree is disputed. Dkt. 33, pp. 5-7. There is no requirement under Rule 67 that the amount

6    of money to be deposited with the Court be undisputed. Rather, Rule 67 states "a party-on notice

7    to every other party and by leave of court-may deposit with the court *all or part of the money* or

8    thing, whether or not that party claims any of it." Fed. R. Civ. P. 67(a) (emphasis added). While

9    some courts have found Rule 67 did not apply when there was not a definitive sum the parties

10   agree is disputed, *see HDR Envtl., Operations & Constr., Inc. v. Deason*, 2018 WL 2287333, at

11   *2 (S.D. Cal. May 17, 2018), this Court finds the plain language of Rule 67 does not limit the

12   applicability of the rule to only sum-certain amounts in dispute. Therefore, the Court is not

13   persuaded by the Insureds' first argument. *See Engineered Med. Sys., Inc. v. Despotis*, 2006 WL

14   1005024, at *3 (S.D. Ind. Apr. 14, 2006) ("Under the plain language of Rule 67, the

15   circumstances in which a party might be allowed to deposit money with the court are quite

16   broad, as long as the money is truly in dispute.").

17   Second, the Insureds assert the Insurers have offered no good reason for depositing the

18   funds into the Court registry. Dkt. 33, pp. 7-9. In this case, the Insurers determined the adjusted

19   loss of hire claim was no more than $ 966,638.48. The Insurers attempted to tender that amount

20   to the Insureds, who rejected the payment. The $ 966,638.48 is now being held in the Insurers'

21   counsel's client trust account and the Insurers wish for the monies to be removed from the client

22   trust account and deposited with the Court. Insurers state depositing the funds into the Court's

23   registry would relieve the Insurers and their counsel's firm of the obligation and burden of

24

1  holding funds in trust pending the outcome of this case. "The purpose behind Rule 67 is to

2  relieve the depositor of responsibility for a fund in dispute." *Hubbard v. Plaza Bonita, LP*, 2020

3  WL 3441027, at *1 (S.D. Cal. June 23, 2020) (internal quotations omitted). Thus, the Insurers

4  have stated a reasonable basis for depositing the funds into the Court's registry.

5        The Insureds also argue depositing the funds into the Court's registry allows the Insurers

6  to change the contractual obligations of the parties because the Insurers would avoid pre-

7  judgment interest. Dkt. 33, p. 8. The Insurers state they are not attempting to deposit funds to

8  avoid liability, but for safekeeping of the funds pending resolution of this case. Dkt. 36, p. 4.

9  Further, the 1983 amendments "clarified that the stopping of interest accrual . . . was a

10  permissible use of Rule 67." *Fulton Dental, LLC*, 2016 WL 4593825, at *5. Thus, the Court is

11  not persuaded by the Insureds' argument.

12        Based on the facts of this case, the Court finds the Insurers have articulated an adequate

13  reason for seeking to deposit $ 966,638.48 into the Court's registry. *See Brause v. Travelers Fire

14  Ins. Co.*, 19 F.R.D. 231 (S.D.N.Y. 1956) (allowing insurance company to deposit money

15  settlement amount when the plaintiff refused the offer and instead moved for summary judgment

16  because there did "not appear to be any reason why th[e] motion should not be granted").

17  **III.   Conclusion**

18        For the above reasons, the Insurers' Motion to Deposit Funds (Dkt. 29) is granted.

19  Insurers are hereby directed to issue a check payable to the Clerk of Court in the amount of

20  $966,638.48. This amount represents the adjusted amount the Insurers determined is the

21  maximum amount owed to the Insureds for the loss of hire claim. The Court's decision to allow

22  funds to be deposited will not foreclose the Insureds from attempting to prove the amount, if any,

23  the Insurers owe the Insureds.

24

ORDER ON MOTION TO DEPOSIT FUNDS - 6

1    Pursuant to LCR 67(a), the Clerk shall deposit those funds into the Court's registry in an

2  interest-bearing account. No portion of those funds shall be disbursed except upon further order

3  of this Court.

4    Dated this 15th day of September, 2020.

5

6  _____
   David W. Christel
7  United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER ON MOTION TO DEPOSIT FUNDS - 7