UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES FIRE INSURANCE COMPANY, et al., <br><br> Plaintiffs/Counterclaim Defendants, <br><br> v. <br><br> ICICLE SEAFOODS, INC., et al., <br><br> Defendants/Counterclaim Plaintiffs. | IN ADMIRALTY <br><br> Case No. C20-401 RSM <br><br> ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS-COUNTERCLAIM DEFENDANTS' MOTION FOR WORK PRODUCT DESIGNATION |

## I.   INTRODUCTION

This matter comes before the Court on Plaintiff-Counterclaim Defendants United States Fire Insurance Company, National Union Fire Insurance Company of Pittsburgh, PA, Great American Insurance Company of New York, Argonaut Insurance Company, Endurance American Insurance Company, Houston Casualty Company, and Certain Underwriters at Lloyd's, London ("Insurers")'s Motion for a Rule 26(b)(5)(B) Determination of Work Product. Dkt. #103. For the reasons set forth below, the Court GRANTS IN PART and DENIES IN PART Insurers' Motion for Work Product Determination, and GRANTS Insurers' related Motion to Seal, Dkt. #101.

//

## II.   BACKGROUND

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS-COUNTERCLAIM DEFENDANTS' MOTION FOR WORK PRODUCT DESIGNATION - 1

Insurers move pursuant to Rule 26(b)(5)(B) for determination of whether a document produced by Defendants-Counterclaim Plaintiffs Icicle Seafoods, Inc., and ISVesselCo, Inc. (collectively, "Icicle") in discovery and filed under seal by Insurers is protected work product and subject to claw-back. Insurers' motion addresses ICICLE 019211-019257, a 47-page document of report schedules and appendices generated by Icicle's forensic accountants Matson Driscoll & Damico, Ltd. ("MDD") (hereafter, "the MDD Report") attached to an email dated May 30, 2019. Dkt. #103. Insurers move the Court to determine that the MDD Report and the email are protected work product and thus not subject to claw-back by Icicle, which Icicle opposes. Dkt. #106.

### III. DISCUSSION

**A. Legal Standards**

Pursuant to the claw-back procedure set forth under Rule 26(b)(5):

> If information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim.

Fed. R. Civ. P. 26(b)(5)(B). To establish that a party has complied with Rule 26(b)(5)(B) and is entitled to the return of its documents, the party must show that (1) the materials it seeks are privileged or protected under the work-product doctrine, (2) the disclosure was inadvertent, (3) the party took reasonable steps to prevent disclosure, and (4) the party acted promptly to correct the inadvertent disclosure. *Trident Seafoods Corp. v. Commonwealth Ins. Co.*, No. 2:10-CV-00214-RAJ, 2011 WL 13234644, at *1 (W.D. Wash. Oct. 31, 2011). Here, parties dispute the first element: whether the MDD Report is subject to the work product doctrine.

The federal work product doctrine, as codified under Rule 26(b)(3), provides:

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS-COUNTERCLAIM DEFENDANTS' MOTION FOR WORK PRODUCT DESIGNATION - 2

> a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and *prepared in anticipation of litigation or for trial* by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

Fed. R. Civ. P. 26(b)(3) (emphasis added). The rule further provides that the court shall "protect against disclosure of the *mental impressions, conclusions, opinions, or legal theories* of an attorney or other representative of a party concerning litigation." *Id.* (emphasis added). A party seeking to withhold production of discoverable materials as work product under Rule 26(b)(5) bears the burden of proving that (1) the document was prepared in anticipation of litigation or for trial; and (2) was prepared by or for the party or the attorney asserting the privilege. *See San Diego Gas & Elec. Co. v. Westinghouse Elec. Corp. (In re California Pub. Utilities Comm'n)*, 892 F.2d 778, 780 (9th Cir. 1989); *see also Heath v. F/V ZOLOTOI*, 221 F.R.D. 545, 549 (W.D. Wash. 2004). In deciding whether the protection applies, a court "must consider the totality of the circumstances and determine whether the document was created because of anticipated litigation, and would not have been created in substantially similar form but for the prospect of litigation." *United States v. Richey*, 632 F.3d 559, 567–68 (9th Cir. 2011).

**B. Analysis**

As an initial matter, Icicle filed an untimely response without seeking leave of this Court. As pointed out in Insurers' reply, this is the second time Icicle has failed to adhere to this district's filing deadlines. While the Court will nevertheless consider Icicle's response, it strongly cautions counsel against future disregard of filing deadlines in this matter. !

Turning to the merits of Insurers' motion, the MDD Report comprises MDD's draft loss of hire calculations for the 2016 Gordon Jensen event. It was inadvertently produced in discovery

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS-COUNTERCLAIM DEFENDANTS' MOTION FOR WORK PRODUCT DESIGNATION - 3

as an attachment to an email from Jarrett Reaume, a MDD forensic accountant, to a vice president of Icicle's parent company and Marsh, and forwarded the next day to Icicle's general counsel. Dkt. #102 at 1-2. Icicle argues that claw-back is warranted given that the MDD Report is irrelevant to this lawsuit. However, "relevance is not a basis for a clawback; the only types of documents that can be clawed back under Rule 26(b)(5)(B) are privileged or work-product document." *Trident Seafoods*, 2011 WL 13234644, at *2.

Turning to Icicle's arguments under the work product doctrine, Icicle argues that the MDD report was prepared in anticipation of litigation on the basis that Icicle had "serious concerns" about Insurers' failure to adjust and pay both the GORDON JENSEN and RM THORSTENSON loss of hire claims at the time it retained MDD to evaluate the GORDON JENSEN loss of hire claim. Dkt. #107 at ¶ 4. Icicle notes that MDD was the second forensic accountant Icicle consulted regarding the GORDON JENSEN loss of hire claim, and that hiring multiple forensic accountants "is not something Icicle does in the regular course of business." *Id.*

The Court finds that Icicle has failed to meet its burden to show that the MDD Report was prepared in anticipation of litigation. Whereas the purpose of the work product doctrine is to protect "trial preparation materials that reveal an attorney's strategy, intended lines of proof, evaluation of strengths and weaknesses, and inferences drawn from interviews," *Heath v. F/V ZOLOTOI,* 221 F .R.D. 545, 549 (W.D. Wash. 2004), the MDD Report merely sets forth Mr. Jarrett's calculations with respect to the GORDON JENSEN loss of hire claim. Likewise, the email from Mr. Jarrett attaching the MDD Report only summarizes the Report's findings and its potential impact on the RM Thorstenson loss of hire claim. Icicle argues that the MDD Report amounts to more than mere facts, as it reflects Mr. Reaume's analysis, strategy, and collaborate efforts that are "separate and distinct from the underlying facts itself." Dkt. #106 at 6. Having

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS-COUNTERCLAIM DEFENDANTS' MOTION FOR WORK PRODUCT DESIGNATION - 4

reviewed the report, the Court cannot conclude that the calculations and analysis set forth therein reveal Icicle's mental impressions or legal strategies such that it amounts to protected work product.

Icicle also argues that the MDD Report is protected work product because it had already retained coverage counsel by the time the report was drafted, indicating its belief that litigation was imminent. Dkt. #107 at ¶ 6. However, work product designation addresses the content of the document—not the timing of its creation. *See HSS Enterprises, LCC v. Amco Ins. Co.*, No. C06-1485-JPD, 2008 WL 163669, at *4-6 (W.D. Wash. Jan. 14, 2008) ("Such material, even if generated by the defendant after the complaint was filed, was not prepared in anticipation of litigation if the material only concerned facts and did not involve legal opinions or thoughts about the defendant's trial strategy and posture."). Here, nothing in the MDD Report or in Mr. Jarrett's email reflects legal opinion or strategy.

Finally, Icicle seeks to invoke the protections under Rule 26(b)(4)(B), which "protects drafts of any report or disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded." Fed. R. Civ. P. 26(b)(4)(B). This rule is inapplicable here, given that Rule 26(a)(2) concerns reports of an expert witness retained to provide trial testimony. Icicle's argument that the MDD Report is a draft of a required Rule 26(a)(2) report or disclosure in this case is unavailing, given Icicle's concession that the 2016 GORDON JENSEN loss of hire claim is "entirely separate" and "unrelated" to the RM THORSTENSON claim. Dkt. #106 at 8. For that reason, even though Icicle declares that it retained Mr. Reaume "as a consulting forensic accountant in connection with" both loss of hire claims, Mr. Reaume has not been identified as a testifying expert witness regarding the GORDON JENSEN loss of hire claim—indeed, that claim

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS-COUNTERCLAIM DEFENDANTS' MOTION FOR WORK PRODUCT DESIGNATION - 5

has not resulted in litigation.  Accordingly, Icicle's arguments as to the MDD Report's protections under Rule 26(b)(4) are unavailing.

For these reasons, the Court concludes that Icicle has failed to meet its burden that the MDD Report is protected by the work product doctrine.  Accordingly, Insurers' Motion for Determination of Work Product, Dkt. #103, is GRANTED IN PART AND DENIED IN PART.  The MDD Report, filed under seal, is not protected work product pursuant to Fed. R. Civ. P. 26(b)(5)(B) and is therefore not subject to claw-back.  However, to the extent Insurers seek to unseal the document such that they may use it in the separate GORDON JENSEN loss of hire claim, unsealing the document to make it publicly-available is a separate issue that Insurers have not adequately justified.  As set forth below, the Court DENIES Insurers' request to unseal the document such that it may be used for purposes outside the instant litigation.

### C. Insurers' Motion to Seal

"There is a strong presumption of public access to the court's files."  Local Rules W.D. Wash. LCR 5(g).  However, for sealed discovery documents attached to non-dispositive motions, the Ninth Circuit has found that this strong presumption is rebutted given that such documents are often "unrelated, or only tangentially related, to the underlying cause of action."  *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)) (internal quotations omitted).  Accordingly, a "good cause" showing under Rule 26(c) may suffice to keep under seal documents attached to non-dispositive motions.  *Id.*  Rule 26, which gives district courts flexibility in balancing and protecting the interests of private parties, states that "good cause" is shown where forbidding disclosure or discovery would "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."  Fed. R. Civ. P. 26(c).

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS-COUNTERCLAIM DEFENDANTS' MOTION FOR WORK PRODUCT DESIGNATION - 6

Insurers' motion to seal, Dkt. #101, confusingly requests that the Court grant its motion for purposes of making a determination about whether the document is protected work product. *See* Dkt. #101-1 at 1. Normally, a motion to seal must include "a specific statement of the applicable legal standard and the reasons for keeping a document under seal, with evidentiary support from declarations where necessary." Local Rules W.D. Wash. LCR 5(g)(3)(B). However:

> Where parties have entered a litigation agreement or stipulated protective order (see LCR 26(c)(2)) governing the exchange in discovery of documents that a party deems confidential, a party wishing to file a confidential document it obtained from another party in discovery may file a motion to seal but need not satisfy subpart (3)(B) above. Instead, the party who designated the document confidential must satisfy subpart (3)(B) in its response to the motion to seal or in a stipulated motion.

LCR 5(g)(3). In this case, the protective order stipulated and agreed to by the parties on September 11, 2020, states that "Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal." Dkt. #39 at 4.

Icicle has not filed a separate response to Insurers' motion to seal, but its response to Insurers' motion for work product determination appears to address the issue of whether the MDD Report should remain under seal. *See* Dkt. #106. Even though the MDD Report does not constitute protected work product entitling Icicle to a claw-back, Icicle has demonstrated sufficient good cause to keep the document under seal. Insurers have made apparent their intentions to unseal the MDD Report such that it may be provided to their underwriter, forensic accountants and average adjuster in the GORDON JENSEN loss of hire claim. *See* Dkt. #103-1. However, as Insurers have conceded in briefing on parties' cross-motions to compel, the GORDON JENSEN loss of hire claim is separate and unrelated to the RM THORSTENSEN loss

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS-COUNTERCLAIM DEFENDANTS' MOTION FOR WORK PRODUCT DESIGNATION - 7

of hire claim at issue in this litigation. Although Mr. Reaume's analysis appears to contain information that may be relevant to the RM THORSTENSON loss of hire claim, the Court agrees with Icicle that the sealed document—produced inadvertently in discovery—is primarily relevant to a separate, unrelated loss of hire claim. To unseal a document that was produced inadvertently and bears only some relevance to the instant lawsuit would be unduly oppressive to Icicle. The Court therefore finds good cause to maintain the MDD Report under seal at this time. Accordingly, the Court GRANTS Insurers' Motion to Seal such that the MDD Report shall remain under seal.

## IV.    CONCLUSION

Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Plaintiffs-Counterclaim Defendants Insurers' Motion for Determination of Work Product, Dkt. #103, is GRANTED IN PART AND DENIED IN PART. ICICLE 019211-019257, filed under seal, is not protected work product pursuant to Fed. R. Civ. P. 26(b)(5)(B) and is therefore not subject to claw-back and may be used in this lawsuit. To the extent Insurers seek permission to use the MDD Report outside of this litigation, that request is DENIED.

(2) The Court further ORDERS that Insurers' Motion to Seal, Dkt. #101, is GRANTED. The document, Dkt. #102, shall remain under seal.

DATED this 13th day of August, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS-COUNTERCLAIM DEFENDANTS' MOTION FOR WORK PRODUCT DESIGNATION - 8