UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES FIRE INSURANCE COMPANY, et al., <br><br> Plaintiffs/Counterclaim Defendants, <br><br> v. <br><br> ICICLE SEAFOODS, INC., et al., <br><br> Defendants/Counterclaim Plaintiffs. | IN ADMIRALTY <br><br> NO. C20-00401-RSM <br><br> ORDER DENYING DEFENDANTS-COUNTERCLAIM PLAINTIFFS ICICLE'S MOTION TO AMEND CASE SCHEDULE AND FILE AMENDED COUNTERCLAIMS |

## I.  INTRODUCTION

This matter comes before the Court on Defendants-Counterclaim Plaintiffs Icicle Seafoods, Inc., and ISVesselCo, Inc. (collectively, "Icicle")'s Motion to Amend Case Scheduling Order and File First Amended Counterclaims. Dkt. #130. Plaintiff-Counterclaim Defendants United States Fire Insurance Company, National Union Fire Insurance Company of Pittsburgh, PA, Great American Insurance Company of New York, Argonaut Insurance Company, Endurance American Insurance Company, Houston Casualty Company, and Certain Underwriters at Lloyd's, London ("Insurers") oppose Icicle's motion. Dkt. #132. The Court

ORDER DENYING DEFENDANTS-
COUNTERCLAIM PLAINTIFFS ICICLE'S
MOTION TO AMEND CASE SCHEDULE AND
FILE AMENDED COUNTERCLAIMS - 1

finds oral argument unnecessary to resolve the relevant issues. For the reasons set forth below, the Court DENIES Icicle's Motion.

## II. BACKGROUND

A full background of this case isn't necessary given the Court's previous orders in this matter. *See* Dkt. #127. This action arises out of an insurance claim for Loss of Hire ("LOH") damages claimed by Icicle as a result of engine damage on the vessel R.M. THORSTENSON ("the THORSTENSON") in December 2016 that interrupted Icicle's fish processing operations in 2017 and 2018. From 2018 until 2020, parties unsuccessfully attempted to settle the LOH claim. Insurers adjusted Icicle's LOH claim in the amount of $966,638.48, which Icicle refused to accept on the basis that their damages approximated $4 million. Dkt. #1 at ¶ 11, Dkt. #18 at ¶ 86.

On March 13, 2020, Insurers filed a declaratory judgment action in this Court seeking a declaration of Icicle's actual loss of net earnings sustained as a result of the THORSTENSON's December 2016 engine damage and as limited by the policy terms and conditions between the parties. Dkt. #1 at ¶ 30. On June 5, 2020, Icicle counterclaimed for violations under breach of contract, breach of duty of good faith and fair dealing, the Washington Consumer Protection Act, RCW 18.86, and the Insurance Fair Conduct Act ("IFCA"), RCW 48.30.015.[1] Dkt. #18 at ¶¶ 88-98.

On January 21, 2021, Icicle moved for partial summary judgment seeking a determination that (1) Washington law applies to this dispute; (2) Icicle is entitled to a jury trial; (3) the 14-day deductible contained in the LOH endorsement was triggered by the

---

[1] Icicle also served a Notification of IFCA Violations Letter dated March 16, 2020 on the Washington Insurance Commissioner's Office and on the Insurers that demanded payment of the LOH claim. Dkt. #18 at ¶ 82.

ORDER DENYING DEFENDANTS-
COUNTERCLAIM PLAINTIFFS ICICLE'S
MOTION TO AMEND CASE SCHEDULE AND
FILE AMENDED COUNTERCLAIMS - 2

THORSTENSON's engine failure; (4) the 14-day deductible does not require proof of economic loss; and (5) the 14-day deductible was exhausted during the 2017 cod season. Dkt. #74. The Insurers filed a cross-motion for summary judgment on February 8, 2021 arguing that (1) federal law—not Washington law—applies to this LOH insurance dispute; (2) Icicle's counterclaim is cognizable only under admiralty jurisdiction such that Icicle's jury demand must be stricken; and (3) the policy's deductible language is clear and unambiguous and requires evidence of an actual loss sustained by showing lost profits during the 14-day applicable deductible period before any payment can be made. Dkt. #86.

Months after parties filed their dispositive motions, Icicle filed the instant motion seeking leave to amend its counterclaims. Dkt. #130. This filing immediately followed the Court's August 13, 2021 ruling on parties' cross-motions to compel. Dkt. #128. In its August 13, 2021 order, the Court addressed Icicle's Requests for Admission ("RFAs") requesting admissions from Insurers that counsel for Insurers, Matt Crane, coordinated information-sharing between experts retained to assist in evaluating the LOH claim. Specifically, the RFAs sought admission that all acts and omissions committed by Mr. Crane in investigating, evaluating, negotiating, and/or processing the LOH claim were performed within the scope of his retention with Insurers, that Insurers had the right to control the manner in which he performed these tasks, that Mr. Crane operated as an agent for the Insurers, and that the Insurers are vicariously liable for all acts and omissions on the part of Mr. Crane with respect to those tasks. *See* Dkts. #128 at 13-14. Icicle conceded in its briefing that it sought those admissions "to avoid having to name Matt Crane individually either as a third party defendant in this action or as a defendant in a separate action." Dkt. #81 at 12-13. Icicle also conceded that it sought agreement from Insurers to amend its counterclaims to add a claim for negligent handling

ORDER DENYING DEFENDANTS-
COUNTERCLAIM PLAINTIFFS ICICLE'S
MOTION TO AMEND CASE SCHEDULE AND
FILE AMENDED COUNTERCLAIMS - 3

against Mr. Crane and his firm, Bauer Moynihan & Johnson LLP ("Bauer Moynihan"), but that Insurers refused to agree. Dkt. #91 at 7, n.17.

In considering parties' briefing on the cross-motions to compel, the Court determined that Icicle's counterclaims failed to allege vicarious liability, respondeat superior, or "any other theory alleging that Insurers are liable for Mr. Crane's actions or omissions." Dkt. #128 at 14. For that reason, "[t]o the extent Icicle now wishes to amend its counterclaims and defenses, it may not do so through requests for admission to 'avoid' the task of naming Mr. Crane or his firm as third-party defendants, revising its counterclaims or defenses, or otherwise amending its Answer." *Id.* The Court consequently denied Icicle's RFAs regarding Mr. Crane's actions, reasoning that because Icicle's defenses and counterclaims allege bad faith by Insurers, not Bauer Moynihan or Mr. Crane, Icicle's RFAs seeking admissions as to Mr. Crane's actions were "beyond the scope of relevance" required under Fed. R. Civ. P. 12(b)(1). *Id.*

Following the Court's order denying Icicle's RFAs, Icicle filed the instant Motion to Amend its counterclaims, Dkt. #130.

### III.  DISCUSSION

#### A. Legal Standard

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). "Denial of leave to amend on this ground [futility] is rare. Ordinarily, courts will defer consideration of challenges to the merits

of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003).

However, "[o]nce a district court has issued a scheduling order, FRCP 16 controls." *Actuate Corp. v. Aon Corp.*, No. C 10-05750 WHA, 2011 WL 4916317, at *1 (N.D. Cal. Oct. 17, 2011). In this matter, parties' scheduling order set the deadline to file amended pleadings as September 25, 2020. Dkt. #26. Rule 16 provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Yet where a motion is made to extend deadlines after the deadlines have expired, the party seeking the extension must show excusable neglect. *See* Fed. R. Civ. P. 6(b)(1)(B). Icicle does not dispute that its deadline to file amended counterclaims has long since expired. Excusable neglect is an equitable concept and is "remedial in nature and . . . must be liberally applied." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1262 (9th Cir. 2010) (citation omitted). [A]bsent bad faith on the part of the movant or undue prejudice to the other parties to suit, discretionary extensions should be liberally granted." *Johnson v. Bay Area Rapid Transit Dist.*, No. C-09-0901 EMC, 2014 U.S. Dist. LEXIS 50541, at 10 (N.D. Cal. Apr. 10, 2014) (quoting *Nat'l Equipment Rental, Ltd. v. Whitecraft Unlimited, Inc.*, 75 F.R.D. 507, 510 (E.D.N.Y. 1977)).

**B. Analysis**

As an initial matter, Icicle argues that it has demonstrated good cause under Rule 16 to modify the scheduling order. However, the deadline to amend under the scheduling order has already expired. *See* Dkt. #26. For that reason, the proper inquiry is whether Icicle has shown excusable neglect in seeking an extension of the time to file amended counterclaims. *See* Fed. R. Civ. P. 6(b)(1)(B). For the reasons set forth below, the Court concludes that Icicle has failed to carry its burden.

ORDER DENYING DEFENDANTS-
COUNTERCLAIM PLAINTIFFS ICICLE'S
MOTION TO AMEND CASE SCHEDULE AND
FILE AMENDED COUNTERCLAIMS - 5

To determine whether a party's failure to meet a deadline constitutes "excusable neglect," courts apply a four-factor equitable test that weighs (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). The balancing of all four factors is "left to the discretion of the district court in every case." *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004) (en banc). Requiring an opposing party to defend a claim on its merits does not constitute "prejudice" under the excusable neglect standard. *Smith v. Dzurenda*, No. 218CV01692APGVCF, 2021 WL 4301478, at *2 (D. Nev. Sept. 21, 2021) (citing *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224-25 (9th Cir. 2000)).

      i.      Danger of Prejudice

Icicle argues that Insurers will suffer no prejudice if their Motion is granted. Dkt. #130 at 12. The Court disagrees. Icicle's proposed amended counterclaims add allegations that Crane acted as an agent for Insurers such that they are vicariously liable for his actions. *See id.* at ¶ 84. Icicle also adds a counterclaim for negligent claims handling which alleges that Insurers, through their agent, Crane, failed to use ordinary care in adjusting Icicle's damages claim. *Id.* at ¶ 99. Icicle argues that adding this new claim at this stage of the litigation would pose no prejudice because (a) no depositions have been taken and the discovery cutoff is not until 2022; (b) trial briefs are not due until June 2022; and (c) Insurers have "long been aware" that Icicle seeks to hold them responsible for Crane's actions—particularly with respect to his handling of the Manos report. *Id.* at 12.

ORDER DENYING DEFENDANTS-
COUNTERCLAIM PLAINTIFFS ICICLE'S
MOTION TO AMEND CASE SCHEDULE AND
FILE AMENDED COUNTERCLAIMS - 6

At this stage of the case, the Court finds that permitting Icicle to add legal theories of vicarious liability, respondeat superior, or agency to their counterclaims would prejudice Insurers. Parties have already briefed cross-motions for summary judgment that address the merits of their original claims. *See* Dkts. #74, #86. Furthermore, given the August 27, 2021 deadline for expert reports, parties' expert reports were not drafted to address the counterclaim Icicle now seeks to add. Indeed, Insurers' expert Rob Dietz opines on the actions of Insurers' lead underwriter in its claims handling, with only minimal reference to Crane and Bauer Moynihan. *See* Dkt. #133-11, #133-12 (mentioning Crane with respect to Icicle's effort to seek disqualification and counsel's communications). While Icicle insists that Insurers need not prepare a new expert report given that Mr. Dietz uses the terms "USF [U.S. Fire Insurance]" and "counsel" interchangeably, Dkt. #132 at 10-11, this argument disregards the fact that Icicle's proposed amended counterclaims inject new legal theories of liability that Insurers may have chosen to address differently when preparing their expert reports. Icicle's belief that Insurers' current reports adequately address the claims does not dissuade the Court that no prejudice exists.

    ii.    Length and Reason for Delay

The factors considering length and reason for delay also weigh heavily against extending the deadline to file amended counterclaims. The deadline expired nearly a year before Icicle finally moved for leave to amend. *See* Dkt. #26. Furthermore, Icicle has failed to demonstrate a reasonable basis for its delay. Icicle argues that the Court only recently ruled on Icicle's motion to compel and that prior to receiving that order, Icicle "reasonably believed" that its current pleading was sufficient to allege the claims it now seeks to add. Dkt. #130 at 10. Icicle's "reasonable belief" argument is confusing at best, given that the proposed amended

ORDER DENYING DEFENDANTS-
COUNTERCLAIM PLAINTIFFS ICICLE'S
MOTION TO AMEND CASE SCHEDULE AND
FILE AMENDED COUNTERCLAIMS - 7

counterclaim seeks to add an entirely new count for negligent claims handling. While Icicle cites *Nikfard v. State Farm Fire & Cas. Co.* for the proposition that it was not required to expressly plead the allegations and counterclaim added to its proposed amended pleading, *Nikfard* did not address pleading standards. *See* No. C19-6001RSL, 2021 WL 962676, at *1 (W.D. Wash. Mar. 15, 2021). On the contrary, *Nikfard* addressed a case at the summary judgment stage, where the plaintiff had already asserted negligent claims handling. *See id.* at *1. *Lease Crutcher* likewise does not appear to support Icicle's argument that it reasonably believed it had "impliedly" pleaded Insurers' liability through Crane's actions. The *Lease Crutcher* plaintiff expressly alleged agency theory, including that the named defendant "acted on behalf of and with authority from [named co-defendant] National Union in its dealings with the insured." *Lease Crutcher Lewis WA, LLC v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. C08-1862RSL, 2009 WL 3444762, at *1 (W.D. Wash. Oct. 20, 2009). Here, neither Crane nor Bauer Moynihan are named defendants in this action. For these reasons, Icicle's reliance on these cases is unavailing.

Furthermore, the Court observes that Icicle contemplated amendment as early as November 2020, when it provided Insurers with a proposed amended pleading that included the same negligent claims handling counterclaim that it now seeks to add. *See* Dkt. #133-8; #133-9 at ¶¶ 99-100. Rather than move for leave to amend, Icicle sought disqualification of Crane and his firm, which the Court denied. *See* Dkt. #97. To that end, Icicle's contention that it required the Court's order on parties' discovery motions to contemplate amendment—specifically, the addition of a negligent claims handling counterclaim—is unpersuasive. Dkt. #134 at 4.

//

ORDER DENYING DEFENDANTS-COUNTERCLAIM PLAINTIFFS ICICLE'S MOTION TO AMEND CASE SCHEDULE AND FILE AMENDED COUNTERCLAIMS - 8

      iii.      Good Faith

Finally, the Court is hesitant to conclude that Icicle acted in good faith by seeking to amend its counterclaims at this late stage. As set forth above, Icicle contemplated adding a negligent claims handling counterclaim months ago but chose not to do so. Only after the Court denied its motion to disqualify and its motion to compel production of certain documents did it attempt to revise its strategy. Nevertheless, given that the other three factors weigh heavily against extending the expired deadline to file amended pleadings, the Court need not reach the question of whether Icicle was merely negligent in its failure to seek leave to amend earlier or whether its untimely motion was made in bad faith.

Having concluded that Icicle has failed to demonstrate excusable neglect to warrant modification of the expired deadline to file amended pleadings, the Court need not reach the Rule 15(a) analysis as to whether leave to amend is warranted.

### IV.    CONCLUSION

Having reviewed Defendants-Counterclaim Plaintiffs Icicle's Motion to Amend Case Scheduling Order and File First Amended Counterclaims, Insurers' Response, Icicle's Reply, the declarations and exhibits in support thereof, and the remainder of the record, the Court hereby finds and ORDERS that Icicle's Motion to Amend, Dkt. #130, is DENIED;

DATED this 29th day of October, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING DEFENDANTS-
COUNTERCLAIM PLAINTIFFS ICICLE'S
MOTION TO AMEND CASE SCHEDULE AND
FILE AMENDED COUNTERCLAIMS - 9