UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES FIRE INSURANCE COMPANY, *et al*,

Plaintiffs,

v.

ICICLE SEAFOODS, INC., *et al*,

Defendants.

Case No. C20-401-RSM

ORDER ON DEFENDANTS' MOTION TO RETAX

This matter comes before the Court on Defendants' Motion to Retax Pursuant to LCR 54(d)(4). Dkt. #163. On January 31, 2022, the Clerk of Court ordered the taxation of costs in this matter in the amount of $27,709.23. Dkt. #162. Defendants argue that the Clerk inappropriately taxed $26,434.77 under 28 U.S.C. § 1920(4) for "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." Defendants ask that the Court reduce the amount taxed in this category because "Insurers failed to establish that $22,911.37 of the costs they seek for "EDD: Native ESI Pocessing" are taxable under § 1920(4). Initially, Insurers' electronic discovery vendor, Empire Discovery, submitted a declaration describing the costs in the "EDD: Native ESI Processing," category as "native electronically stored information (ESI) processing with full metadata

extraction." Dkt. #151 at 2–4. For the invoices on which these charges appeared, the vendor stated that these tasks were performed for:

> (1) ESI native digital file documents that Empire Discovery received from Insurers and processed for purposes of deduplication, extracting text and metadata for attorney review in the document review platform. Dkt. 151 at 2 (invoices dated 3/31/21 and 4/30/21).
>
> (2) ESI documents produced by Icicle Seafoods in discovery that Empire Discovery processed for Insurers for purposes of converting the ESI documents into fully searchable PDF imaged documents, because Icicle's ESI documents contained no metadata as needed for searches in the Relativity e-discovery platform utilized by Insurers in this case. *Id.* at 3 (invoice dated 6/30/21).
>
> (3) ESI documents produced by Icicle Seafoods in discovery that Empire Discovery processed for Insurers for purposes of converting the ESI documents into fully searchable PDF imaged documents, including the extraction of all metadata. *Id.* at 4 (invoice dated 7/31/21).

Defendants objected to the costs described above under § 1920(4) for lack of specificity and for being outside the scope of recoverable costs. In response, the vendor submitted a supplemental declaration on January 21, 2022, stating that "Native ESI Processing" included tasks such as (1) "de-duplicating native ESI files; (2) "fully extracting all metadata"; and (3) "converting all TIFF files and non-extractable text documents on which OCR was performed to searchable PDF files." Dkt. #161 at ¶ 3. The vendor also added that the "although the ESI processing services provided by Empire allowed Insurers' counsel to review the ESI documents on the Relativity platform for responsiveness or privilege, the 'Native ESI Processing' charges did not include attorney review or database access or hosting fees." *Id.*

Defendants make multiple arguments for why "even with the supplemental declaration from the vendor, Insurers still fail to adequately describe the services in this category to permit a determination of whether the costs actually fall within the narrow scope of taxable costs under § 1920(4)." Dkt.#163 at 9. The Court is particularly concerned with Defendants' argument that Insurers suggest they are "seeking costs for processing all the documents that were uploaded to

their review platform, rather than the subset of documents that were actually produced" based on the vendor's statement that the costs for "EDD: Native ESI processing" were incurred, at least in part, to allow "Insurers' counsel to review the ESI documents on the Relativity platform for responsiveness or privilege . . . .,'" (Dkt. #161 at ¶4). *See* Dkt. #163 at 9. Defendants argue that pursuant to the Ninth Circuit's opinion in *In re Online Dvd-Rental Antitrust Litigation*, costs incurred to facilitate "a selection of documents for production from the set of documents for potential production" are not recoverable under § 1920(4) because they are not copies "necessarily obtained for use in the case." Dkt. #163 at 10 (citing *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 914, 929–930 (9th Cir. 2015).

In response, the Insurers maintain that "[t]he ESI processing expenses in the amount of $22,911.37 challenged by Icicle are all taxable costs and fall within the category of 'fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case' as set forth in 28 U.S.C. §1920(4)." Dkt. #165 at 1. Insurers argue that Defendants misstate the holding in *In re Online Dvd-Rental Antitrust Litigation*:

> The Ninth Circuit in *Online Dvd-Rental* stated that "Section 1920(4) allows for the recovery of costs where the copies were obtained to be produced pursuant to Rule 34 or other discovery rules" when discussing the principle that "the statute is not so restrictive as to 'specifically require that the copied document be introduced into the record to be an allowable cost.'" *Id.* at 927 (quoting *Haagen-Dazs Co., Inc. v. Double Rainbow Gourmet Ice Creams, Inc.*, 920 F.2d 587, 588 (9th Cir. 1990)). Thus, *Online Dvd-Rental* simply affirmed that copies obtained in the course of discovery are taxable costs.

Dkt. #165 at 4. Insurers further take issue with Defendants' characterization that the "'purpose' of Empire's ESI services was to allow Insurers to review the documents on Empire's Relativity database platform before final production of Insurers' ESI, thus implicitly arguing it rendered the charges non-taxable." *Id.* at 5 (citing Dkt. #165 at 4). Insurers argue that that "the services 'allowed' Insurers to review the ESI documents before production, but that was incidental to the services provided by Empire for which Insurers sought limited expenses taxed as costs for

copying ESI: native ESI processing, including de-duplication and metadata extraction, conversion to TIFF, OCR, conversion to searchable PDF documents, and electronic Bates labeling." *Id.* at 6.

On reply, Defendants maintain that "Insurers seek costs for copying ***all*** ESI documents to their review platform so that their counsel could cull out any documents they deemed privileged or non-responsive" and are "thus improperly seeking costs for processing documents that were uploaded to their review platform, but not actually produced to Icicle." Dkt. #167 at 2 (emphasis in original). Defendants argue that Insurers "offer no meaningful response; they merely contend that copying documents in order to review them for privilege and responsiveness before actually producing them 'was incidental to the services provided by Empire . . . .'" *Id.* (citing Dkt. #165 at 5).

This Court reviews motions to retax costs *de novo. Lahrichi v. Lumera Corp.*, No. C04-2124C, 2007 WL 1521222, at *7 (W.D. Wash. May 22, 2007) *aff',* 433 F. App'x 519 (9th Cir. 2011). In doing so, however, the Court is mindful that Federal Rule of Civil Procedure 54 "creates a presumption for awarding costs to prevailing parties" and the losing party must show "why costs should not be awarded." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944–45 (9th Cir. 2003). The Court agrees with Defendants—it remains unclear whether the $22,911.37 awarded for "EDD: Native ESI Processing" taxed under § 1920(4) was all for costs associated with documents "obtained for use in the case." Insurers are correct in that § 1920(4) is "not so restrictive as to 'specifically require that the copied document be introduced into the record to be an allowable cost.'" Dkt. #165 at 4 (citing *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d at 927). However, § 1920(4) is so restrictive as to only allow taxable those costs associated with documents produced or received in the course of discovery. *See In re Online DVD-Rental*

*Antitrust Litig.*, 779 F.3d at 929–930. Insurers leave the Court in the dark by stating *some* costs under the challenged category "EDD: Native ESI processing" allowed Insurers to review documents for privilege and responsiveness, but that those costs were merely "incidental." Dkt. #165 at 5–6. It is the Court's understanding that review for responsiveness and privilege are actions taken to determine *whether* a document should be produced in discovery. Based on this understanding the Court is led to assume that costs under "EDD: Native ESI processing" were for processing documents not "obtained for use in the case" as required to be taxable under §1920(4). Insurers complain that Defendants' Motion is "essentially a repeat of its arguments in its Opposition to Motion to Tax Costs/Bill of Costs (Dkt. #159)," (Dkt. #165 at 1) but this means Insurers have now had more than one opportunity to unequivocally state that the costs for "EDD: Native ESI processing" were all associated with documents actually produced or received in the course of discovery—Insurers have failed (or are unable to) do so. As such, the Court cannot find that ESI processing expenses in the amount of $22,911.37 challenged by Defendants are all taxable costs falling within the category of "fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case" as set forth in 28 U.S.C. §1920(4).

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Plaintiffs' Motion to Retax, Dkt. #163, is GRANTED. The Clerk's Taxation of Costs, Dkt. #162, shall be reduced by $22,911.37. Costs are now taxed at $3,186.06. This replaces the amount taxed in the Clerk's prior Order at Dkt. #162.

//

//

DATED this 25th day of August, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE